# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : |
| Plaintiff, | : |
| v. | : 3:17-CV-2357 |
| | : (JUDGE MARIANI) |
| ANTONELLO BOLDRINI, | : |
| Defendant. | : |

## **MEMORANDUM OPINION**

This matter comes before this Court on a Notice of Removal filed by Defendant Boldrini which sought to bring a state court foreclosure action into federal court. (Doc. 1). On January 5, 2018, Plaintiff Federal National Mortgage Association filed a Motion for Remand. (Doc. 7). Magistrate Judge Carlson thereafter issued a Report and Recommendation ("R&R"), recommending that Plaintiff's Motion be granted. (Doc. 12). This Court, on September 11, 2018, adopted the R&R and remanded the action to the Court of Common Pleas of Luzerne County, PA. (Doc. 87). That same day, this Court further ruled upon a number of miscellaneous motions filed by Defendant. (See Docs. 85, 86).

On September 21, 2018, Defendant filed a "Motion for Relief from Orders [ ] Pursuant to FRCP Rule 60" (Doc. 88). However, on October 11, 2018, Defendant filed a Notice of Appeal of the aforementioned September 11, 2018 Orders by the Court. (Doc. 93).

By Order dated September 11, 2019, the Third Circuit dismissed Boldrini's appeal for lack of jurisdiction.

Defendant's "Motion for Relief from Orders [ ] Pursuant to FRCP Rule 60" (Doc. 88) seeks relief from a number of Orders by this Court, dating back to December of 2017. Specifically, Defendant requests that the Court vacate the following Orders:

1. Magistrate Judge Carlson's December 21, 2017, Order granting Boldrini's motion for leave to proceed in forma pauperis, ordering that a copy of the filing be served upon counsel for the plaintiff in the underlying state court action, and directing the state court plaintiff to file a motion to remand the action if it believes that the "Notice of Removal is procedurally or substantively flawed". (Doc. 3).

2. Magistrate Judge Carlson's R&R, dated January 9, 2018, recommending that Plaintiff's Motion to Remand be granted. (Doc. 12).

3. This Court's Order granting Boldrini an extension of time to file objections to the R&R but denying Boldrini's request that the R&R be deemed moot. (Doc. 31).

4. This Court's Order granting Boldrini an extension of time to file a brief in support of his motion "to strike lawyer appearance" and "access to this federal court". (Doc. 40).

5. This Court's Order granting Boldrini a second extension to file objections to the R&R and directing Boldrini not to file any further documents, with the exception of his objections, pending the Third Circuit's disposition of his then-pending appeal. (Doc. 53).

6. The Court's Order denying Boldrini's motion for Magistrate Judge Carlson's recusal. (Doc. 85).

7. The Court's Order adjudicating several miscellaneous motions filed by Boldrini. (Doc. 86).

2

8. The Court's Order adopting the R&R and remanding this action to the Court of Common Pleas of Luzerne County. (Doc. 87).

(See Doc. 88).

Defendant asserts that he is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(3),(4), and (d)(3). Subsections (3) and (4) of Rule 60(b) permit a court to relieve a party "from a final judgment, order, or proceeding" on the basis of fraud, misrepresentation, or misconduct by an opposing party, or if the judgment is void. Subsection (3) of Rule 60(d) provides that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. The Third Circuit has set forth a "demanding standard of proof [ ] to demonstrate fraud upon the court including (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Gillespie v. Janey*, 527 F.App'x 120, at 122 (citing *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005)).

In this case, Boldrini's motion and accompanying brief (Docs. 88, 91) are devoid of support that would justify vacating any of the Court's prior Orders. Boldrini's arguments are often unintelligible and lack any factual or legal support. Defendant has not presented any evidence, or lucid arguments, to demonstrate that any fraud occurred by opposing counsel or that this Court was in any way deceived by any of counsel's filings. Instead, Boldrini expends a great deal of effort rearguing many of the assertions he raised in his prior motions upon which the Court ruled, while also attacking the magistrate judge and district court opinions and orders that rejected those claims.

3

In arguing that the Court should vacate its prior Orders, Boldrini also remarkably repeatedly asserts that this action was never properly before this Court as it was never properly removed by him. (*See e.g.*, Doc. 91, at 15). However, Boldrini's filings throughout this action in federal court have been attempts to convince this Court that the action *was* properly removed by him and should remain in federal court. It was this Court which deemed the removal improper and remanded the case to state court. Boldrini's assertion that this Court's Orders resolving Boldrini's own multiplicitous filings, which necessitated resolution prior to deciding whether the action should be remanded, is without any merit.

For the foregoing reasons, the Court will deny Boldrini's "Motion for Relief from Orders [ ] Pursuant to FRCP Rule 60" (Doc. 88). A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge